MAY *v*. THE STATE.

1. Nothing appears which would justify a reviewing court in ordering a new trial because the presiding judge, in the exercise of his discretion, applied the order for sequestration of witnesses to the brother of the accused as well as to the other witnesses in the case.

2. The requests to charge the jury, in so far as they were legal and appropriate, were fully and fairly covered by the general charge as given. This being so, the refusal to charge in the language requested would be no cause for a new trial, even were the language free from inaccuracy.

3. Under no fair construction of the evidence was the element of manslaughter involved. The case was palpably one one of murder or of justifiable homicide.

4. The correctness of the verdict depended upon the comparative credibility of the witnesses, and the jury having credited those testifying in behalf of the State, there was no error in denying a new trial.

April 16, 1894.

Indictment for murder. Before Judge JENKINS. Telfair superior court. October term, 1893.

C. D. LOUD, W. L. CLARKE and D. W. ROUNTREE, by brief, for plaintiff in error.

J. M. TERRELL, attorney-general, and TOM EASON, solicitor-general, by HINES, SHUBRICK & FELDER, *contra*.

LUMPKIN, Justice.

1. This case was before this court at the October term, 1892. 90 *Ga*. 793. A new trial was then ordered because, in the opinion of the court, the trial judge erred in rejecting evidence offered by the accused, of an uncommunicated threat made by the deceased. No question of this kind arose at the last trial.

It was also held, when the case was here before, that after ordering the sequestration of the witnesses, the court should not, in permitting one of them, who was a brother of the accused, to remain in the court-room to assist in the defence, have granted this permission on condition that he would not be introduced as a witness.

At the last trial the witnesses were again sequestered, and the court applied the order of sequestration to this brother of the accused, as well as to the other witnesses in the case, and required him to retire from the court-room during the trial. We thought, when the case was here before, and we still think, that the court might, with propriety, have allowed the brother to remain and assist in the defence; but we shall not undertake to control the discretion of the trial judge in a matter of this kind, no reason appearing in the record which would justify this court in so doing.

2. The motion for a new trial assigns as erroneous numerous refusals of the court to give in charge to the jury requests presented by counsel for the accused. These requests contain no new or important legal principles which make it in the least necessary to state or discuss them. In so far as they were legal and appropriate, they were fully and fairly covered by the general charge as given. In some respects, the language of the requests is not free from inaccuracy. It has been repeatedly ruled by this court that a refusal to charge even a correct and perfectly unobjectionable request in the very language in which it is presented, will be no cause for a new trial, when the principle embraced in such request is fairly stated to the jury by the judge in his own language.

3. We have carefully and anxiously examined and studied the brief of evidence in the present record. When the case was here the first time, we did the same thing as to the brief of evidence then brought up. There is no substantial difference in the two briefs, and we are still of the opinion that, "if the witnesses for the State told the truth, the accused was guilty of murder; if the version of the homicide given by the witnesses for the accused is correct, the accused was justifiable, and guilty of no crime at all." Consequently, the court did not

err in failing or refusing to charge upon the law of manslaughter. The case was palpably one of murder, or of justifiable homicide.

4. It is apparent, from what is above stated, that the proper determination of the case depended entirely upon which set of witnesses the jury should believe. They evidently credited those testifying in behalf of the State; and as they are the sole judges of the credibility of witnesses, we have neither the power nor the inclination to interfere with their exercise of this function.

*Judgment affirmed.*